IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KECIA PORTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19 C 3912 |
| v. ) | |
| ) | Magistrate Judge Schenkier |
| USAA CASUALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINON AND ORDER[1]

Plaintiff, Kecia Porter, filed a *pro se* complaint in the Circuit Court of Cook County, Illinois, County Department Law Division, entitled *Kecia Porter v. USAA Casualty Insurance Co.* (doc. # 1-1; Compl.). Defendant, USAA Casualty Insurance Co. ("USAA CIC"), removed the case to this Court on the basis of diversity of citizenship (doc. # 1; Removal). Plaintiff has moved to remand the case to State court (doc. # 24: Remand Motion; doc. # 43: Second Remand Motion), claiming a lack of diversity. For the reasons that follow, we deny plaintiff's motions to remand.

I.

Ms. Porter filed her Complaint on December 28, 2018, naming only USAA CIC as defendant on the caption of the Complaint; the caption stated that USAA CIC was the "Defendant" in the singular form; and the body of the Complaint referred variously to "Defendant USAA," "Defendant" or "USAA" (Compl.). On April 12, 2019 plaintiff filed her Amended Complaint (doc. # 1-1; Am. Compl.; doc. # 28-4: Cook County Docket Report at 4). The Amended Complaint

---

[1] On November 26, 2019, by consent of the parties and pursuant to 28 U.S.C § 636(c) and Local Rule 73.1, this case was assigned to this Court for all proceedings, including entry of final judgement (doc. ## 39-41).

consolidated with the Complaint and added the words "United Services Automobile Asso." to the caption, which identified the defendant as:

> United Services Automobile Asso.
> USAA Casualty Insurance co.
> Defendant

(Am. Compl.). The Amended Complaint continued to address the opposing party as "Defendant" in the singular form (*Id.*).

On May 10, 2019, the Department of Insurance of Illinois, USAA CIC's registered agent, received a copy of the Alias Summons, the Complaint and the Amended Complaint (Removal ¶ 4; doc. # 1-1 Alias Summons, Compl., Am. Compl.). On May 16, 2019, USAA CIC's registered agent sent a copy of the Alias Summons, Complaint and the Amended Complaint to USAA CIC's offices (Removal, ¶ 5; doc. # 1-1 May 16, 2019 Letter).

On June 11, 2019, USAA CIC filed its Notice of Removal with this Court pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446 on the basis of diversity of citizenship (Removal). On June 21, 2019, plaintiff filed her opposition to the Notice of Removal, claiming no diversity of citizenship on the basis that "USAA" is a reciprocal insurance exchange with subscribers or members in all 50 states (doc. # 9: Removal Opposition). USAA CIC filed its amended response to Ms. Porter's opposition to removal on June 25, 2019 stating that the Complaint was only filed against defendant USAA CIC, a Texas corporation, that "issued a policy that may be the basis of this suit" (doc. # 11: Response to Removal Opposition ¶¶ 10-12).

On September 4, 2019 Ms. Porter filed a Motion to Remand (doc. # 24: Remand Motion) and memorandum in support (doc. # 26: Pl.'s Remand Memo.). USAA CIC filed a response to the Remand Motion on September 12, 2019 (doc. # 28: Resp. Br.). Thereafter, Ms. Porter was granted

leave to file a second amended complaint ("SAC") (doc. # 34: 10/22/19 Order) which she filed on October 15, 2019 (doc. # 35: SAC). The caption of the SAC reads as follows:

> Kecia Porter, Plaintiff
> Vs.
> USAA Casualty Insurance Co.
> (United Services Automobile Asso.)
> Defendant

(SAC). Neither the motion for leave to amend nor the body of the SAC state that Ms. Porter was adding United Services Automobile Asso. as a defendant or suing it in place of USAA CIC. The SAC continues to address the opposing party as "Defendant" in the singular form (*Id.*). USAA CIC filed its answer and affirmative defenses to the SAC on November 8, 2019 (doc. # 37: Answer). Ms. Porter filed her second motion to remand the case to the Circuit Court of Cook County on December 3, 2019 (Second Remand Motion).

## II.

Ms. Porter argues that removal was improper because the parties are not of diverse citizenship. She asserts that "USAA" is a reciprocal insurance exchange that is an unincorporated association with subscribers/members in all 50 states, and thus – as is Ms. Porter – USAA is a citizen of Illinois (Removal Opposition ¶¶ 4-6). Ms. Porter makes the same arguments in her Remand Motion, memorandum in support and Second Remand Motion. She makes no reference to USAA CIC's full name in the body of any of those filings but rather refers to defendant variously as "USAA," "Defendant" or "Defendant USAA." By the same token, Ms. Porter never uses the full name "United Services Automobile Asso." in these filings.

For its part, USAA CIC asserts that complete diversity exists in this matter because the defendant in this case is USAA CIC, a Texas corporation, and not United Services Automobile Asso. (Removal ¶11, Response to Removal Opposition ¶¶ 7-13, Resp. Br. ¶¶ 10, 15-18). USAA

3

CIC also argues that plaintiff's removal motion should be denied as untimely (Resp. Br. ¶ 5). We begin with the timeliness argument.

### A.

USAA CIC states that pursuant to 28 U.S.C. §1447(c), a motion to remand "must be made within 30 days" of the filing of the notice of removal (Resp. Br. ¶ 5). USAA CIC argues that plaintiff has not complied with this "mandatory" time requirement because her motion was filed almost three months after the removal and thus "must" be denied (*Id.* ¶¶ 6-7). However, before we review whether plaintiff timely filed her remand motion, we first address whether USAA CIC timely filed its Notice of Removal.

### 1.

USAA CIC claims that it "timely" filed its Notice of Removal in accordance with 28 U.S.C.A. § 1446(b)'s 30-day time frame (Notice of Removal ¶ 6, Resp. Br. ¶ 3). Section 1446(b) sets out that a "notice of removal … shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading …" 28 U.S.C.A. § 1446(b). Here, USAA CIC, an indemnity insurance company incorporated in Texas, admits that it's registered agent, the Department of Insurance of Illinois, "*received* a copy of the Summons and Plaintiff's Complaint and Amended Complaint" on May 10, 2019 and attached date stamped copies of these documents to its Notice of Removal (Removal ¶ 4, Doc. # 1-1: Removal Exs., Resp. Br. ¶ 16, emphasis added). In Illinois, a private corporation may be served "by leaving a copy of the process with its registered agent." 735 ILCS 5/2-204. Therefore, USAA CIC's 30-day removal clock started ticking when its registered agent was served on May 10, 2019. Thirty calendar days, not including May 10th, ended on June 9, 2019, a Sunday, thereby extending the deadline to June 10, 2019. Fed. R. of Civil Proc. 6(a)(1)(A), (B) and (C); *Walker v. Trailer Transit, Inc.*, 727 F.3d 819,

826 n. 1 (7th Cir. 2013). USAA CIC did not file its Notice of Removal until one day after the deadline, on June 11, 2019, making its removal petition late.

However, Ms. Porter did not raise this timeliness argument in any of her briefing addressing the Notice of Removal. Although as a *pro se* litigant Ms. Porter's filings are to be given certain leeway, we find that after three responsive filings opposing removal in which she offered both argument and citation to legal authority but made no mention of timeliness, and the subsequent filing of her SAC, Ms. Porter has waived this issue. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 75 n. 4 (7th Cir. 1992) (noting that the 30-day limit in Section 1446(b) can be waived).

2.

We next turn to USAA CIC's argument that plaintiff did not comply with the time limits of 28 U.S.C.A. § 1447(c) because plaintiff filed her Remand Motion almost three months after the Notice of Removal (Resp. Br. ¶¶ 5-7). Section 1447(c) states that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." While USAA CIC is correct that plaintiff filed a document titled "Plaintiff's Motion to Remand to State Court" on September 4, 2019 (doc. # 24: Remand Motion), USAA CIC ignores that plaintiff filed an opposition to the notice of removal on June 21, 2019 (doc. # 9: Removal Opposition), well within the 30-day time frame. As we noted, plaintiff is *pro se* and is entitled to certain leeway. Thus, while her Removal Opposition is not titled a motion for remand, the arguments are substantially the same as in her later remand motion, and the relief she sought in her June 2019 opposition – a denial of the Notice of Removal – would effectuate the same result as a motion for remand. We therefore treat the Removal Opposition as a motion for remand since that pleading was filed on June 21, 2019, and was filed within the time limit prescribed by Section 1447(c).

## B.

We turn to the disagreement as to whether there exists complete diversity between the parties. We find that plaintiff and the defendant which she sued, USAA CIC, are of diverse citizenship.

The defendant named in this lawsuit is USAA CIC, and plaintiff failed to show that USAA CIC is a citizen of Illinois. Plaintiff's Complaint only names "USAA Casualty Insurance Co." as the defendant in the caption; her pleadings, motions and briefs only refer to "Defendant," "Defendant USAA" or "USAA" all in the singular format, and that did not change even after she added United Services Automobile Association in parenthesis to the caption of some of her filings. While Ms. Porter has filed two amended complaints, neither addressed the addition of a party defendant to the case nor has she provided us with any documentation that she has attempted to serve United Services Automobile Association in this case.

While plaintiff may be correct that United Services Automobile Association is a reciprocal exchange that is considered to have the citizenship of its members in all 50 states for diversity purposes, United Services Automobile Association is not the defendant in this case. The cases Ms. Porter relies on in support of her assertion about the citizenship of United Services Automobile Association are distinguishable; in those cases, United Services Automobile Association was actually named as a party and USAA CIC was not. *See United Services Automobile Association v. Omega Flex, Inc.*, No. 8:10CV431, 2011 WL 1740192 (D. Neb. May 5, 2011).

Thus, USAA CIC, a Texas corporation and the lone defendant in the case pending before this Court, and Ms. Porter, an Illinois citizen, are diverse parties. There is no dispute that Ms. Porter seeks a recovery in excess of $75,000.00. Thus, the requirements for diversity jurisdiction have been met. *See e.g. Lucas v. USAA Casualty Insurance Co.*, 716 F. App'x 866, 867 n.1 (11th

Cir. 2017) (USAA Casualty Insurance Co. removed the case citing diversity jurisdiction); *Steilberg v. Bradley, et al.*, No. 1:15CV269-LG-RHW, 2016 WL 1455454, *1 n. 1 (S.D. Miss. Apr. 12, 2016) (denying plaintiff's motion to remand where amount in controversy requirement is satisfied and parties were completely diverse as plaintiff is "a Mississippi resident, ... and USAA Casualty Insurance Company is a Texas corporation with its principal place of business in Texas"). Therefore, Ms. Porter's motions to remand are denied.

## CONCLUSION

For the foregoing reasons, plaintiff's opposition to removal (doc. # 9), motion to remand (doc. # 24) and second motion to remand (doc. # 43) are denied.[2]

**ENTER:**

_____
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATED: January 8, 2020**

---

[2] We have ruled that the defendant in this matter is USAA Casualty Insurance Company and not United Services Automobile Asso., thus, we request that the Clerk of Court remove the defendant titled United Services Automobile Asso. from the docket of this case.